**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

| | |
|---|---|
| KEVIN SMITH, <br><br>           Plaintiff, <br><br>     v. <br><br> TOYOTA MOTOR SALES, U.S.A. CORP., et al., <br><br>         Defendants. | Civ. Action No. 06-2788 (KSH) <br><br><br><br> **OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

This matter comes before the Court upon a motion to dismiss filed by defendant Toyota Motor Sales, U.S.A. Corp. ("Toyota"). Because the Court finds that it lacks subject matter jurisdiction over the action, the Court will **remand** the case to the Superior Court of New Jersey, Law Division, Essex County and will **deny** Toyota's motion to dismiss as moot.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Kevin Smith ("Smith") commenced this litigation by filing a complaint in the Superior Court of New Jersey, Law Division, Essex County on March 29, 2004. (Compl. dated March 29, 2004, Cert. of James P. Walsh, Jr., docket entry # 16, Ex. 3.) The complaint asserted seven causes of action against Toyota[1] and nine individual defendants for alleged employment discrimination based on Smith's race (African-American) and religion (Islam). (Id.) Smith failed

---

[1] Smith named the wrong corporate entity as a defendant in the complaint. The complaint asserts claims of employment discrimination against "Toyota Motor Corp.," but Smith was employed by "Toyota Motor Sales, U.S.A. Corp."

-1-

to serve any of the defendants and, as a result, the New Jersey Superior Court dismissed the complaint *sua sponte* in an order filed on October 16, 2004.  (Docket sheet for Smith v. Toyota Motor Corp., No. L-2361-04 (N.J. Super. Ct. Law Div.), Cert. of James P. Walsh, Jr., docket entry # 16, Ex. 4, at 2.)  Smith claims that his attorney was at fault for the failure to serve because the attorney had terminated his services without informing Smith.

No action was taken on the case for nearly a year until Smith filed a *pro se* motion with the Superior Court on October 14, 2005 seeking an order vacating the October 16, 2004 dismissal of his case.  (Cert. of Christopher Roberts, docket entry # 17, at ¶ 5.)  The motion was returned to Smith unprocessed, with a note from the clerk's office advising Smith that he needed to file a motion to restore the complaint in order to continue prosecuting his claim against defendants.  (Clerk's Office notice dated Oct. 19, 2005, Cert. of Christopher Roberts, docket entry # 17, Ex. B.)

After retaining new counsel, Smith filed a motion in the Superior Court on February 7, 2006 requesting an order restoring the complaint to the active list.  (Cert. of Christopher Roberts, docket entry # 17, at ¶ 7.)  On March 7, 2006 Superior Court Judge Walter Koprowski issued an order conditionally restoring the complaint *provided that* Smith "serve the defendants and file proof of service with the Court on or before April 1, 2006."  (Order dated March 7, 2006, Cert. of Christopher Roberts, docket entry # 17, Ex. D, at 2.)  Smith failed to comply with the terms of the March 7, 2006 order, but he eventually filed an unauthorized first amended complaint[2] with the Superior Court on May 17, 2006 (Docket sheet for Smith v. Toyota Motor Corp., No. L-2361-04 (N.J. Super. Ct. Law

_____

[2] Smith claims that the first amended complaint simply corrected the name of his employer to Toyota Motor Sales, U.S.A. Corp., but a comparison of the initial complaint and the first amended complaint shows that significant differences exist between the two complaints. For example, the initial complaint contains seven counts in 140 enumerated paragraphs, while the first amended complaint contains three counts in 104 enumerated paragraphs.

Div.), Cert. of James P. Walsh, Jr., docket entry # 16, Ex. 4, at 2) and served the amended complaint on Toyota on May 22, 2006, well after the deadline imposed by the conditional order restoring the case.  The docket sheet does not indicate that proof of service was ever filed with the Superior Court for any defendant.  (Id.)  While Toyota admits to being served on May 22, 2006, it is unclear whether Smith served any of the individual defendants with a copy of the first amended complaint.

Toyota filed a notice of removal on June 20, 2006, citing both 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction) as bases for original jurisdiction in this Court.  On July 28, 2006, before Toyota's time to file an answer, move, or otherwise respond to the complaint had expired, the parties held a telephone conference with Magistrate Judge Shwartz, at which time Smith agreed to dismiss all of his federal and state law claims except those being pursued under the New Jersey Law Against Discrimination ("NJLAD").  As a result of this representation, Magistrate Judge Shwartz filed an order on July 31, 2006 ordering Smith to file a second amended complaint "that deletes all claims except the claims under the [NJLAD] no later than August 11, 2006," and granting Toyota leave to file a motion to dismiss no later than September 1, 2006.  (Order dated July 31, 2006, docket entry # 11, at 1.)

The second amended complaint filed by Smith on August 4, 2006 includes two counts: (1) employment discrimination on the basis of race and religion in violation of NJLAD; and (2) breach of implied covenant of good faith and fair dealing.  Toyota filed its motion to dismiss on September 1, 2006.  Toyota argues that the complaint should be dismissed as a sanction for failure to comply with multiple court orders and, alternatively, that the complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## II.    DISCUSSION

Smith has not challenged removal, but federal courts have an obligation "to examine their subject matter jurisdiction at all stages of litigation *sua sponte* if the parties fail to raise the issue." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388-89 (3d Cir. 2002).  While failure to challenge removal waives any irregularity in the removal procedure, "failure to challenge removal cannot confer subject matter jurisdiction which it does not otherwise possess upon the federal district court." Medlin v. Boeing Vertol Co., 620 F.2d 957, 960 (3d Cir. 1980).  See also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")  It is also well-settled that "[o]ut of respect for the independence of state courts, and in order to control the federal docket, 'federal courts construe the removal statute narrowly, resolving any doubts against removability.'"  Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991).  See also Gateway 2000, Inc. v. Cyrix Corp., 942 F. Supp. 985, 989 (D.N.J. 1996) (stating that "Federal removal statutes are to be strictly construed, resolving any doubts in favor of remand").  With these precepts in mind, the Court must determine whether Smith's failure to comply with Judge Koprowski's March 7, 2006 order conditionally restoring his case affects the Court's subject matter jurisdiction over the case.

The plain language of 28 U.S.C. § 1441 only authorizes removal of cases "pending" in State court at the time the notice of removal is filed.[3]  Additionally, other courts have recognized that

---

[3] The statute states in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

Article III prevents federal courts from exercising jurisdiction over a case previously dismissed by a State court because if a case has already been closed, "no case or controversy exists." Brown v. Dist. Dir., No. 01-1625, 2002 U.S. Dist. LEXIS 12693, at *7 (D. Colo. June 6, 2002); Zilinger v. Allied Am. Ins. Co., 957 F. Supp. 148, 149 (N.D. Ill. 1997) (declaring that "removal is not possible where the case reached final judgment in state court"); Philpott v. Resolution Trust Corp., 739 F. Supp. 380, 384 (N.D. Ill. 1990) (stating that "[t]here is no jurisdiction to remove a case if no case or controversy exists"); Maine Ass'n of Interdependent Neighborhoods, Inc. v. Petit, 700 F. Supp. 75, 77 (D. Me. 1986) (noting that "the constitutional requirement of a 'case or controversy' must always be satisfied before a federal court may exercise its jurisdiction").

It is undisputed that Smith's complaint was dismissed without prejudice by the Superior Court of New Jersey on October 16, 2004. (Cert. of Christopher Roberts, docket entry # 17, at ¶ 5; Toyota's Moving Br., docket entry # 15, at 5.) On March 7, 2006, Judge Koprowski entered an order conditionally restoring Smith's complaint provided that Smith "serve the defendants and file proof of service with the Court on or before April 1, 2006." (Cert. of Christopher Roberts, docket entry # 17, Ex. D, at 2.) Although Smith goes to great lengths to explain why his failure to meet the terms of the conditional order should be excused under the circumstances, the documents submitted by both parties establish beyond any doubt that Toyota was not served with a complaint until May 22, 2006 and that the complaint ultimately served on Toyota was substantially different from the complaint that Smith originally filed on March 29, 2004. The unavoidable conclusion is that Smith

---

defendants, to the district court of the United States for the district and division embracing the place *where such action is pending*.

28 U.S.C. § 1441(a) (emphasis added).

failed to meet the terms of the conditional order restoring his case and that as a result, the case was never reopened. Therefore, Toyota removed a closed case to this Court and this Court lacks subject matter jurisdiction.

Moreover, anticipating the argument that a ruling can and should be made now about whether the conditions set by the State court were fulfilled, this Court declines to do so. Judge Koprowski gave specific reasons for his decision, including the failure of Smith's former attorney to serve the complaint, as well as the fact that Smith had retained a new attorney. That new attorney was late meeting the terms of Judge Koprowski's remedial order, and under these circumstances, this Court is unwilling to speculate as to whether the Superior Court would rule that Smith has shown good cause for failing to comply with its conditional order. The fact remains that at the time of removal, Smith's case was closed until further order by the Superior Court. Therefore, this Court lacks subject matter jurisdiction over the case, and pursuant to 28 U.S.C. § 1447(c), the case must be remanded to the Superior Court of New Jersey.

### III.   CONCLUSION

For the foregoing reasons, this matter is, *sua sponte*, **remanded** to its original forum, the Superior Court of New Jersey, Law Division, Essex County, and Toyota's motion to dismiss is **denied.**

Dated: May 31, 2007                                 /s/  Katharine S. Hayden
                                                    Katharine S. Hayden, U.S.D.J.